# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY WILLIAMS,** | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18−cv–0087−NJR |
| IDOC, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| JOHN BALDWIN, | ) |
| KEVIN HALLORAN, | ) |
| JOE EBBITT, | ) |
| ALLEN KARRAKER, | ) |
| PENNY GEORGE, | ) |
| DENNIS ALDRIDGE, | ) |
| DEBBIE KNAUER, | ) |
| JEANNE CAMPANELLA, | ) |
| MATTHEW SWALLS, | ) |
| LUCE, | ) |
| DAVID MEIER, and | ) |
| D. INMAN, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Gregory Williams, an inmate of the Illinois Department of Corrections ("IDOC") currently housed in Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief, damages, fees, and costs. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
 (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
 (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

As an initial matter, the Court notes that Plaintiff submitted two exhibits suggesting that he may have filed a similar action in the Illinois Court of Claims, but the Court does not have sufficient information at this time to determine whether this action is duplicative of any other action. (Doc. 1, pp. 6-7). Thus, the Court will proceed to consider the claims Plaintiff brings here.

Plaintiff entered Vienna Correctional Center on May 10, 2016. (Doc. 1, p. 9). At that time, his dentures were broken and missing teeth. *Id.* Plaintiff alleges that Aldridge recorded that his dentures were five years old when they were actually nine years old. *Id.* Aldridge told Plaintiff that he would be on the list for new dentures, but that he would be charged $154.70 for them, and he would have to sign a money voucher. *Id.* Plaintiff also was told that he would not get new dentures unless the money was in his account. *Id.* Plaintiff is indigent, and he alleges that he was deprived of new dentures based on his ability to pay, a non-medical reason, pursuant to an IDOC policy, specifically Administrative Directive 04.03.102. (Doc. 1, pp. 9-10) (Doc. 1-1, p. 3).

Plaintiff also alleges that a different section of the Illinois Administrative Code, 04.02.102, should operate to force the defendants to provide him with dentures because he is indigent, but that they are applying the policies improperly so as to deprive him of medical treatment. (Doc. 1, p. 15).

Plaintiff filed grievances and wrote letters about the failure to provide him with dentures, but Inman, Meier, Luce, Campanella, Swalls, and George all cited to Administrative Directive 04.03.102 and denied or ignored Plaintiff's requests. (Doc. 1, p. 12) (Doc. 1-1, pp. 30-67). Knauer and Baldwin ultimately denied Plaintiff's grievances, based on Administrative Directive 04.03.102. (Doc. 1, p. 10).

Plaintiff's gums began bleeding on October 19, 2016. (Doc. 1, p. 10). He saw the dentist on December 28, 2016, and requested Oragel and a soft food diet, but the dentist refused to give him either and made it clear that there was nothing he could do for Plaintiff's gum pain. *Id.* Plaintiff was given Oragel and pain pills at nurse sick call the next day. *Id.*

Plaintiff alleges that he was harmed as a result of not having proper dentures. (Doc. 1, p. 9).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Aldridge, Luce, Knauer, Campanella, George, Inman, Meier, Swalls and Baldwin were deliberately indifferent to Plaintiff's serious medical need for dentures in violation of the Eighth Amendment when Aldridge refused to order new dentures or treat Plaintiff's gum issues resulting from the lack of dentures, and Luce, Knauer, Campanella, George, Inman, Meier, Swalls, and Baldwin failed to intervene;
>
> **Count 2 –** Baldwin and Wexford promulgated an unconstitutional policy in violation of the Eighth Amendment by requiring inmates to pay for replacement dentures, even when they are indigent, or go without pursuant to Administrative Directive 04.03.102(6)(b);
>
> **Count 3 –** Baldwin, Knauer, Campanella, Swalls, Luce, Meier, and Inman frustrated Plaintiff's use of the grievance system in violation of the First Amendment; and
>
> **Count 4 –** Aldridge was negligent in violation of Illinois state law when he refused to order new dentures for Plaintiff or treat his symptoms arising from the lack of dentures.

For the reasons explained below, Counts 1 and 2 survive preliminary review, but Counts 3 and 4 will be dismissed.

As to **Count 1**, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was

deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference also may be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

The Seventh Circuit has previously found that claims involving dentures are a serious medical need. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (inmate's complaints that his ability to eat was impeded, and that he suffered bleeding, headaches, and disfigurement due to a lack of dentures stated a claim based on a serious medical need); *see also McCue v. Aldridge*, No. 05-cv-554-DRH, 2007 WL 2570380 at *11 (S.D. Ill. Sept. 4, 2007). Thus, Plaintiff has met the first prong of the deliberate indifference standard.

Plaintiff also has alleged that Aldridge knew that he did not have dentures, but declined to order new ones for him or treat his symptoms arising from the lack of dentures. Refusing to offer medical treatment based on a failure to pay is problematic under the Eighth Amendment. This is a sufficient allegation of deliberate indifference, and Plaintiff's claims against Aldridge will proceed.

Moreover, Plaintiff alleges that he used the grievance system and/or told Baldwin, George, Knauer, Campanella, Swalls, Luce, Meier, and Inman that he was being denied dentures based on the policy requiring pre-payment. Those individuals knew that Plaintiff was being deprived of his dentures, and as discussed above, the lack of dentures can constitute a serious medical need. Despite this, Baldwin, George, Knauer, Campanella, Swalls, Luce, Meier, and Inman upheld Aldridge's interpretation of the policy and failed to intervene to ensure that Plaintiff received adequate dental care. This is a plausible allegation of deliberate indifference, and **Count 1** also will be allowed to proceed against Baldwin, George, Knauer, Campanella, Swalls, Luce, Meier, and Inman.

**Count 2** addresses the policy at issue directly. Plaintiff has alleged that either the IDOC or Wexford (it is unclear at this time) have promulgated an unconstitutional policy. An Administrative Directive used by employees of Vienna states that inmates will be charged for replacement dentures. Plaintiff alleges that, as an indigent inmate, this policy has kept him from getting replacement dentures, and he is suffering from pain, inability to eat, and disfigurement as a result.

To state a claim against a unit of government, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790

(7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). A policy claim can include implicit policies or gaps in explicit policies. *Daniel v. Cook Cnty.*, 833 F.3d 728 (7th Cir. 2016).

Here, Plaintiff has adequately alleged that the policy at issue was the moving force behind the denial of dentures. But some of the defendants must be dismissed in connection with this claim.

First, Plaintiff cannot name the IDOC as a defendant. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). The IDOC therefore must be dismissed from this action with prejudice.

Plaintiff also has named a number of individual defendants in connection with this claim, but the only appropriate individual defendant is John Baldwin, as the Director of the IDOC, because he is IDOC's ultimate policymaker. Plaintiff's assertions that any other defendant was involved in the creation of the policy at issue are speculative, and all other individual defendants will be dismissed from this count without prejudice at this time. If Plaintiff discovers information

tending to show that any individual helped craft the policy at issue, he may later seek to replead this claim.

Plaintiff's policy claim also will be allowed to proceed against Wexford. Normally, a private corporation is shielded from vicarious liability under Section 1983. Wexford is presumed to act under color of state law, however, and it is thus treated as though it were a municipal entity. *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002). Plaintiff's claims regarding Administrative Directive 04.03.102(6)(b) will be allowed to proceed against Wexford in **Count 2**.

Plaintiff also has attempted to name individual Wexford officers as defendants in this action, based on letters he wrote to them. Plaintiff has not stated a plausible claim against these individuals, however, because he has not alleged any facts showing that they were directly responsible for the policies he complains about. He also has not alleged any facts that the officials have the authority to intervene in any individual's medical care, and that is not a plausible inference from the mere fact that they were employed by Wexford. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (bureaucratic organizations are permitted to divide tasks, and a letter writing campaign is insufficient to impose liability upon an official not tasked with monitoring an individual's care). As Plaintiff has not stated a claim against Halloran, Ebbitt, or Karraker at this time, those individuals will be dismissed from this action without prejudice.

All other claims must be dismissed at this time. Plaintiff has alleged that the defendants frustrated his use of the grievance system. But Plaintiff has no free-standing claim on those grounds. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their

own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). While a failure to respond to grievances may make an allegation of deliberate indifference plausible, *see Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015), there is no stand-alone claim based on grievances. **Count 3** will be dismissed with prejudice as legally frivolous.

Finally, Plaintiff also has alleged that the failure to give him new dentures amounted to negligence. Negligence is a creature of state law,[1] and in Illinois, there are specific statutes that govern when medical negligence claims may be brought. Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL.

---

[1] Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). The Court therefore has supplemental jurisdiction over any state-law claims.

COMP. STAT. §5/2-622(a) (West 2017). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Illinois courts have specifically applied § 5/2-622(b) to claims involving dental care. *Horlacher v. Cohen*, -- N.E.3d --, 2017 Ill. App. (1st) 162712 (Dec. 21, 2017) (citing *Jackson v. Chicago Classic Janitorial & Cleaning Serv., Inc.*, 823 N.E. 2d 1055, 1058 (Ill. App. 1st Dist. 2005)). Therefore, the Court will apply the statute in this case.

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In this case, Plaintiff has failed to file the necessary affidavit or reports. Therefore, the claim in **Count 4** shall be dismissed. The dismissal shall be without prejudice at this time, however, and Plaintiff shall be given additional time to file the required affidavit, if he desires to seek reinstatement of this claim. The certificate(s) of merit also must be filed, in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required affidavit, the dismissal of **Count 4** will become a dismissal **with prejudice.** *See* Fed. R. Civ. P. 41(b).

## Pending Motions

Plaintiff's Motion for Recruitment of Counsel remains pending and will be addressed by United States Magistrate Judge Donald G. Wilkerson in a separate order. (Doc. 3).

The Court notes that Plaintiff's Complaint requests "all delayed, diagnosed treatment," which could be a request for injunctive relief. (Doc. 1, p. 16). The Complaint does not indicate that Plaintiff is seeking a preliminary injunction, however, and the Court has not construed it to contain a request for a preliminary injunction. If Plaintiff seeks a preliminary injunction, he should file a separate motion.

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1 and 2** survive threshold review against Defendants Wexford, Baldwin, George, Aldridge, Knauer, Campanella, Swalls, Luce, Meier, and Inman. Defendant IDOC is **DISMISSED with prejudice** Defendants Halloran, Ebbitt, and Karraker are **DISMISSED without prejudice**. **Count 3** is **DISMISSED with prejudice** as legally frivolous. **Count 4** is **DISMISSED without prejudice** for failure to file the required affidavit. If Plaintiff wishes to seek reinstatement of Count 4, he shall, within 35 days (on or before **May 14, 2018**), file the necessary affidavit described above. Failure to file an affidavit as ordered will result in the dismissal of Count 4 with prejudice to refiling.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Wexford, Baldwin, George, Aldridge, Knauer, Campanella, Swalls, Luce, Meier, and Inman: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 9, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**